U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED LAFAYETTE

JAN 27 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Chavis                               Civil Action No. 12-00481

versus                             Judge Richard T. Haik, Sr.

Racetrac Petroleum, Inc, et al           Magistrate Judge C. Michael Hill

**MEMORANDUM RULING**

Before the Court is an Motion for Summary Judgment filed by defendant, RaceTrac Petroleum, Inc. ("RaceTrac"), [Rec. Doc. 29], Plaintiff's Memorandum In Opposition [Rec. Doc. 32] and defendant's Reply thereto [Rec. Doc. 35]. For the reasons that follow, the Court will grant defendant's motion.

*Background*

On the morning of November 29, 2010, plaintiff stopped at the RaceTrac store on Highway 190, 1018 E. Landry Street, Opelousas, Louisiana ("the Store") between 8:00 and 9:00 a.m. before going home to Texas. *R. 29-2, Plaintiff's Depo., pp. 32-33*. It was raining at the time of his arrival at the Store. *R. 32-2, R. 29-2, p. 35*. Plaintiff parked his car at a pump under the canopy and then walked through the rain into the Store to prepay for gas. *R. 29-2, p.36*. He then exited the Store and walked back through the rain to his car to pump his gas. *Id at p. 37*. After he finished, he walked back through the rain to the Store to collect his change. *R. 32-2, R. 29-2, pp. 37, 40*. Upon entering the Store, plaintiff slipped and fell, injuring his knee. *R. 32-2, R. 29-2, pp. 37, 40*.

Plaintiff filed this action in the Twenty-seventh Judicial District Court, St. Landry Parish, Louisiana on November 21, 2011. On February 22, 2012, defendants removed the case to this Court. *R. 1*.

*Summary Judgment Standard*

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the

record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio.*, 475 U.S. 574, 586 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. *See id.* Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of her case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. *See Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir.1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. *Id.* Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir.1987). Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255.

*Analysis*

The record indicates that plaintiff has conducted no discovery in this case. Rather, the only factual evidence in the record is plaintiff's deposition conducted on October 2, 2013. *R. 29-2.* Defendants contend that plaintiff has not met his burden of proof under the Louisiana Slip-and-Fall Statute, La. Rev. Stat. §9:2800.6, which governs injury claims such

2

as Chavis' that are made against merchants. In particular defendants contend that plaintiff can not establish as a matter of law that RaceTrac had constructive knowledge of a hazardous condition that allegedly caused his fall. For Chavis to succeed on such a claim, § 9:2800.6 requires that he prove all of the following statutory elements:

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable
>
> (2) The merchant either created *or had actual or constructive notice of the condition which caused the damage, prior to the occurrence*; and
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

La. Rev. Stat. § 9:2800.6(B) (emphasis added).

Plaintiff argues that RaceTrac had actual or constructive notice of the wet floor, prior to plaintiff's accident based on the following: (1) it had been raining prior to plaintiff's arrival at the Store and continued throughout his duration there; (2) other customers made trips into the Store during the time plaintiff was at the RaceTrac; (3) the Store employees were aware of the weather conditions; (4) prior to falling plaintiff did not see any "wet floor" warning signs; (5) there were no rugs or mats at the only entrance/exit of the Store; and (6) after plaintiff fell, a Store employee wiped the floor with a mop.

In defense of its position, defendant cites the Louisiana Supreme Court, *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081 (La. 1997). In *White*, the Louisiana Supreme Court reversed a judgment in favor of an injured plaintiff who claimed, subject to § 9:2800.6, that a merchant had constructive notice of a "clear liquid" spilled on an aisle floor in the store in which the plaintiff slipped and fell. *Id*. The *White* court based its ruling on its finding that the plaintiff "produced no evidence as to how long the spill had been on the floor." *Id*. In so doing, the court explained,

3

> There is no bright line time period.... Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period. A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition exited for some time period prior to the fall. This is not an impossible burden.

*Id.* In *Kennedy v. Wal-Mart Stores, Inc.*, 733 So.2d 1188, 1189-91 (La. 1999), decided since *White*, the Louisiana Supreme Court confirmed that the requirement it outlined in *White* (that an injured plaintiff must make a showing as to the temporal component of the constructive notice element to satisfy § 9:2800.6) is to be applied equally to plaintiffs' claims against merchants that allege hazards resulting from rainy weather.

In *Kennedy*, a plaintiff shopping at a Wal-Mart store slipped in what appeared to be a puddle of water near the cash registers at the front of the store. *Id.* at 1189. At a bench trial, the plaintiff testified that it was raining the evening that he slipped and that, although the plaintiff did not see any puddle on the floor prior to falling, his pants were wet after he rose from the floor. *See id.* The Kennedy plaintiff further testified that the area where he fell was within view of a customer service podium so that the plaintiff thought one of the Wal-Mart employees should have been able to see any puddle before the plaintiff fell. *See id.* A Louisiana intermediate appellate court affirmed the trial court's judgment in favor of the plaintiff.

The Louisiana Supreme Court reversed. In so doing, the court found that the *Kennedy* plaintiff's evidence indicated merely that the area where he fell was within view of a customer service area and that it was raining the evening the plaintiff fell. *See id.* at 1191. The court further found that the "plaintiff presented absolutely no evidence as to the length of time the puddle was on the floor before his accident." *Id.* The Louisiana Supreme Court

4

thus concluded that, under *White*, the "plaintiff did not carry his burden of proving Wal-Mart's constructive knowledge of the condition," as required by § 9:2800.6. *Id.* (discussing *White*, 699 So.2d at 1084-85). The *Kennedy* court then rendered judgment in favor of the defendant store.

In support of his argument, plaintiff cites *Oalmann v. K-Mart Corp.*, 630 So.2d 911, 913 (La.Ct.App.1994), which was decided before the Louisiana Supreme Court's decisions in *White* and *Kennedy*. In *Oalmann*, a Louisiana intermediate appellate court affirmed judgment in favor of an injured plaintiff who slipped and fell at a K-Mart and claimed that the merchant had constructive notice of a puddle of rain water on the store entrance floor. *Id.* The appellate court found that the trial court judgment was supported by evidence that the store "did have knowledge of the weather conditions on the day of the accident." *Id.* The court further found that, despite that the "evidence does not clearly establish precisely how long the floor was wet prior to [the] fall," given "the volume of business conducted at [such] a large" retailer, it was "foreseeable that the floor near the entrance would become wet, and thus slippery, in a relatively short period of time." *Id.* The *Oalmann* court concluded that "[i]t is the opinion of the Court that the accumulation of water at the entrance existed for such a time that [the store] should have discovered the danger." *Id.*

Here, as in *Oalmann*, plaintiff has provided no evidence as to how long the floor was wet prior to his fall.[1] Plaintiff merely states that it was raining when he went in to prepay, when he pumped his gas and when he went back into the Store. Unlike the facts in *Oalmann*, however, plaintiff's accident occurred at a RaceTrac gas station at approximately 8:30 in the morning. *R. 29-2, p. 55*. Contrary to his assertion that "other customers made

---

[1] Plaintiff testified he didn't know whether or not the floor was wet with "water"–only that it was wet. *R. 29-2, p. 50*

5

trips into the Store during the time plaintiff was at the RaceTrac," when asked whether the Store was crowded or whether were was a lot of people coming out of the Store, plaintiff responded that "[he] didn't pay no attention to that." *Id.* Nor has plaintiff offered any evidence that "the volume of business" was such that it was foreseeable that the floor near the entrance would become wet and slippery.

Moreover, plaintiff testified that during his trips in and out of the Store, he never noticed any water on the floor. Rather he "just paid for my gas, and put the money up there, and come turn around and came on back out. I never noticed." *R. 29-2, pp. 50-52.* Plaintiff's statement in his opposition, without any evidentiary support that the Store employees "were aware of the weather conditions," fails to raise a genuine issue of material fact that defendant had constructive knowledge of an unreasonable risk of harm. In *Wiggins v. U.S.* 2009 WL 2176043, 4 (E.D.La.,2009), the court applied Louisiana law to a case in which the plaintiff alleged she slipped on the wet floor and was injured in a post office as a result of customers tracking in water from the rain. Citing *Williams v. Leonard Chabert Medical Center*, 744 So.2d 206, 211 (La.App. 1 Cir.1999), writ denied, 754 So.2d 974 (La.2000)), the court stated, "a premises owner does not have a duty to prevent risks that are obvious and could have been avoided through the exercise of reasonable care. *Wiggins* at *4. Plaintiff admittedly walked through the rain going in and out of the Store several times before he fell. That the entrance way to the Store may have been more slippery in wet weather should have been obvious to a reasonably prudent person such as plaintiff.

In *Pollet v. Sears Roebuck & Co.,* 46 Fed. Appx. 226 (5th Cir. 2002) (unpublished), also a case involving a hazard resulting from rainy weather, the Fifth Circuit reviewed the application of *White* and *Kennedy* to the *Oalmann* case. In affirming the district court's ruling which granted the merchant's motion for summary judgment against Pollet, the court

stated:

> As at least one Louisiana appellate court recently noted, when reluctantly affirming summary judgment in favor of a merchant on a slip and fall claim analogous to Pollet's claim, "[i]t is apparent that the jurisprudence from the Louisiana Supreme Court interpreting R.S. 9:2800.6 has made it almost impossible for a Plaintiff to prove the temporal element to show constructive notice of a hazardous condition in a slip and fall case, as noted by ... Justice Calogero in his dissent in *White*." *Kimble v. Winn-Dixie La., Inc.*, 800 So.2d 987, 990, 992 (La.App. 5 Cir. 10/17/02) (noting Justice Calogero's observation in *White* that the effect of that majority opinion is to require in every slip and fall case that a plaintiff produce an eyewitness who can testify as to the exact time that a hazard appeared) (citing *White*, 699 So.2d at 1087). Nevertheless, like the intermediate appellate court in *Kimble*, we are bound in this case by the Louisiana Supreme Court's interpretation of § 9:2800.6. *See Labiche v. Legal Sec. Life Ins. Co.*, 31 F.3d 350, 351 (5th Cir.1994) ("In order to determine state law, federal courts look to final decisions of the highest court of the state.") (internal quotation and citations omitted). Therefore, we conclude in accordance with the Louisiana Supreme Court's decisions in *White* and *Kennedy*, that because Pollet fails to point to evidence in dispute indicating that any alleged hazard created by the puddle and the mat existed for some time prior to her fall, Pollet fails as a matter of law to support her claim that Sears had constructive notice of a hazardous condition causing her to fall, as required by § 9:2800.6. Consequently, the district court properly granted summary judgment in favor of Sears on Pollet's claim.

*Id.* at *8.

*Conclusion*

Based on the foregoing, plaintiff has failed to show that RaceTrac had actual or constructive notice of the alleged wet floor, and therefore, plaintiff has failed to produce evidence on an essential element of his claims. Accordingly, the Court will grant RaceTrac's Motion For Summary Judgment.

U.S. District Judge Richard T. Haik, Sr.